UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN HERNANDEZ,

       Plaintiff,

v.                           Case No.:

PETRINA LLC, and
DIMOSTHENIS ANGELAKOS,
individually,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **JUAN HERNANDEZ**, by and through his undersigned counsel, sues Defendants **PETRINA LLC, and DIMOSTHENIS ANGELAKOS,** Individually ("Defendants"), pursuant to Fla. Stat. Chapter 448 and the Fair Labor Standards Act (the "FLSA") and states as follows:

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the federal overtime wage claims herein pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which states "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2.     Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. Venue is proper in this District because there is personal jurisdiction in this District as Defendants have conducted substantial, continuous and

systematic commercial activities in this District.

## THE PARTIES

3.    Plaintiff's primary job duty was to perform maintenance services at the residential complex operated by Defendant, and to perform additional duties as assigned by Defendant Angelakos.

4.    At all times material hereto, Plaintiff regularly worked and was required to work "off the clock" and was not compensated for compensable "on call time."

5.    Plaintiff regularly worked in excess of forty (40) hours per week without proper overtime compensation.

### The Defendants

6.    Petrina LLC ("Petrina") is a Florida corporation doing business in the State of Florida where it is engaged in the business of leasing residential units.

7.    Petrina constitutes an enterprise engaged in commerce within the meaning of Section 3(r) and (s) of the Act (29 USC§ 203(r) and (s)).

8.    At all times hereinafter mentioned, Petrina employed employees engaged in commerce within the meaning of Section 3(b) and 0); respectively, of the Act (29 USC§ 203(b) and 0)).

9.    Petrina employed Plaintiff in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate him for his employment in excess of 40 hours per week at a rate of at least one and one  half times his regular rate at which he was employed.

10.    Defendant Dimosthenis Angelakos is an officer and principle owner of Petrina.

11.    As part of his duties, Angelakos supervised Plaintiff, and exercised control over the wages, hours and working conditions of the Plaintiff.

2

12.     Through the exercise of dominion and control over all employee related matters at Petrina, Angelakos, in his individual capacity, is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

13.     As a result of the underpayments of wages alleged above, Defendants are indebted to Plaintiff for unpaid minimum wages, overtime compensation and back pay.

## FACTS

14.     Plaintiff was employed by Defendants from 2008 until February 2013 as a maintenance/office worker.  He worked seven days a week for Defendants without vacation, holiday or sick time.  He was required to work seven days per week.

15.     Plaintiff was scheduled to work well in excess of forty (40) hours per week.

16.     Plaintiff performed necessary work with the knowledge and direction of Defendants in excess of 40 hours per week.

17.     Plaintiff was required to respond to emergencies after hours, which he did, on a regular basis.  Plaintiff was required to respond to work orders on several properties owned by Defendant Angelakos as part of his regular work duties.

18.     In 2011-2013, Plaintiff was paid $50 per week and received additional cash payments from time to time not exceeding ten or twenty dollars per week.  In 2010, Plaintiff was paid $250 per week.

19.     Plaintiff was required by the employer to reside in an apartment on the complex premises.

20.     Pursuant to policy and plan, the Plaintiff was unlawfully required to work "off the clock."

21.     Pursuant to policy and plan, the Plaintiff was unlawfully required to work in excess of forty (40) hours per week and was unlawfully denied the statutorily protected overtime compensation required by the FLSA.

## COUNT I - OVERTIME DUE UNDER THE FLSA

22.     Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-one (21) of this complaint.

23.     As stated herein, Plaintiff was denied proper overtime compensation for hours worked in excess of forty during any given week of his employment.

24.     Defendants knowingly and willfully required Plaintiff to work off the clock.

25.     At all relevant times, Defendants willfully failed to pay Plaintiff overtime compensation at a rate of one and a half times his regular hourly rate for hours worked in excess of forty (40) hours worked in any given workweek.

26.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

(b)     That the Court find the Defendants' violations of the FLSA were willful;

4

(c)     That the Court award the Plaintiff overtime compensation for previous hours worked in excess of forty (40), for any given week during the past three (3) years in amounts to be determined at trial, AND liquidated damages of an equal amount to the unpaid overtime compensation;

(d)     Costs of action incurred herein, including expert fees;

(e)     Attorneys fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

(f)     Pre-judgment and post-judgment interest as provided by law; and

(g)     Any other legal and equitable relief as this Court may deem appropriate.

## COUNT II – FLSA MINIMUM WAGE VIOLATION

28.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

29.     During the statutory period herein, Defendants did not pay Plaintiff the minimum wage as required by the FLSA.

30.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issues and that this Court take jurisdiction over the case;

(c)     Judgment against Defendants for an amount equal to Plaintiff's unpaid minimum wages;

(d)     Judgment against Defendants that their violations of the FLSA were willful;

(e)     An equal amount to the unpaid minimum wages as liquidated damages;

(f)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

5

(g)     A declaration that Defendants' practices as to Plaintiff were unlawful and grant
        Plaintiff equitable relief;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as the Court deems just and equitable.

## COUNT III – FMWA MINIMUM WAGE VIOLATION

31.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this
Complaint as though fully set forth herein.

32.     Plaintiff was not paid minimum wages for services for services Plaintiff performed
for Defendants.

33.     Defendants' actions were willful.

34.     Defendants have refused to pay Plaintiff the minimum wages that are owed to
Plaintiff.

**WHEREFORE**, Plaintiff requests that this Court:

(a)     A jury trial on all issues so triable;

(b)     That process issues and that this Court take jurisdiction over the case;

(c)     Direct Defendants to pay all wages due to Plaintiff plus interest;

(d)     Award liquidated damages to Plaintiff;

(e)     Award reasonable attorney's fees and costs to Plaintiff pursuant to 448.110 of the
        Florida Statutes; and

(f)     For such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

6

Dated this ⟨⟩ day of April, 2013.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Direct Dial: 813-386-0995
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: dsmith@wfclaw.com
**Attorneys for Plaintiff**