UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN HERNANDEZ,

       Plaintiff,

v.                                              Case No. 8:13-cv-865-T-35AEP

PETRINA, LLC, *et al.*,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff initiated this action asserting claims against Defendants for violations of the Fair Labor Standards Act ("FLSA") (Doc. 1).  Namely, Plaintiff sought unpaid minimum wages, overtime compensation, and back pay.  Defendants failed to appear in this action.  As a result, Plaintiff moved for entry of a default and, subsequently, a default judgment against Defendants, each of which was granted (Docs. 10-14).  Following an evidentiary hearing, the Court awarded Plaintiff damages in the amount of $64,514.80 and determined that Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b)[1] (Doc. 18). Pursuant to the Court's direction, Plaintiff filed his Motion to Tax Attorney's Fees and Costs (Doc. 17), in which he seeks an award of attorney's fees in the amount of $7,840.00, along with post-judgment interest, and costs in the amount of $485.00.  Given Defendants' failure to appear in this action, the motion is unopposed.  For the reasons that follow, it is recommended that

---

    [1] In pertinent part, 29 U.S.C. § 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Plaintiff's motion be granted in part and denied in part and that Plaintiff be awarded attorney's fees in the amount of $5,880.00 and costs in the amount of $485.00.[2]

### I. Attorney's Fees

Initially, Plaintiff seeks attorney's fees in the amount of $7,480.00, along with post-judgment interest. To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the amount of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise

---

[2] The instant motion is referred to the undersigned for issuance of a Report and Recommendation. *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

In this instance, Plaintiff seeks reimbursement for 19.6 hours of attorney time at a rate of $400.00 per hour, for a total of $7,840.00 in attorney's fees (Doc. 17). As to the hourly rate, the requested rate sought by Plaintiff should be reduced.[3] Most notably, the hourly rate exceeds the rates typically awarded in FLSA cases in the Middle District of Florida. *See Martinez v. Hernando County Sheriff's Office*, No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *2 (M.D.

---

[3] When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman*, 836 F.2d at 1299 (noting that the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (*per curiam*) ("In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson* . . . ."); *see Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*) (stating that "[a]lthough its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate"); *see also Hensley*, 461 U.S. at 434 n.9 (noting many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate"). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Fla. Nov. 13, 2013) (concluding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with thirty-eight years of experience in employment litigation); *see Snyder v. A1 Prop. Pres., Inc.*, No. 8:12-CIV-2014-T-17MAP, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (finding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with extensive experience litigating FLSA cases); *see Andrike v. Maple Way Cmty., Inc.*, No. 8:11-cv-1939-T-24AEP, 2013 WL 1881135, at *3 (M.D. Fla. May 3, 2013) (determining, in a case involving claims under the FLSA, that $325 was a reasonable hourly rate for an attorney with twelve years of experience); *see Lewis v. Fla. Default Law Group, P.L.*, No. 8:10-cv-611-T-30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012) (concluding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with twenty years of experience). In addition, although Plaintiff's counsel has twenty-seven years of experience in labor and employment litigation and obtained a substantial recovery of $64,670.80 in this FLSA action, the requested hourly rate should be reduced given the fact that the time and labor required were minimal since Defendants never appeared in this action, the issues in the case were neither novel nor complex, counsel was not precluded from other employment as a result of her representation of Plaintiff, a default judgment was entered given Defendants' failure to appear, and the case required limited motion practice and only one hearing, which lasted less than one hour and was simply to determine the award of damages. As such, the hourly rate should be reduced to $300 per hour.

With respect to the hours expended, the time records reflect that Plaintiff's counsel spent

19.6 hours in prosecuting this action (Doc. 17, Ex. A).[4] Upon review of the time records, none of the charges appear excessive, redundant, or otherwise unnecessary. Accordingly, the 19.6 hours expended by Plaintiff's counsel are reasonable. In sum, therefore, Plaintiff should be awarded attorney's fees for 19.6 hours expended at an hourly rate of $300, for a total of $5,880.00.[5]

## II.     Costs

As noted above, the district judge determined that Plaintiff, as the prevailing party, is additionally entitled to an award of costs under 29 U.S.C. § 216(b) (Doc. 18). *See also* Fed. R. Civ. P. 54(d). In FLSA cases, courts may award the costs permitted under 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (determining that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C. § 1920."). Here, Plaintiff seeks costs in the amount of $485.00, which includes costs for the filing fee in the amount of $350.00 and service of process fees totaling $135.00 (Doc. 17, Ex. C). Both the filing fee and service of process fees requested by Plaintiff in this action constitute taxable costs pursuant to 28 U.S.C. § 1920 and therefore should be awarded to Plaintiff. 28 U.S.C. § 1920(1)

---

[4] Plaintiff's request includes 1.5 hours for preparing the motion and affidavit for attorney's fees and costs. Time spent litigating attorney's fees is compensable and therefore should be awarded to Plaintiff in this action. *See Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable.").

[5] Though Plaintiff seeks post-judgment interest on the award of attorney's fees, such interest has not typically been awarded in FLSA cases in the Middle District of Florida. *See Martinez*, 2013 WL 6047020, at *6; *see Snyder*, 2013 WL 3155058, at *3; *see Andrike*, 2013 WL 1881135, at *4; *see Lewis*, 2012 WL 252837, at *4.

(permitting taxation of the fees of the clerk and marshal as costs); *see U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) & 1921); *see Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (finding that "[f]ees of the clerk and marshal include filing fees and are clearly taxable"). Accordingly, it is recommended that Plaintiff be awarded costs in the amount of $485.00.

### III.  Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Tax Attorney's Fees and Costs (Doc. 17) be GRANTED IN PART AND DENIED IN PART.

2. Plaintiff be awarded attorney's fees in the amount of $5,880.00 and costs in the amount of $485.00.

IT IS SO REPORTED in Tampa, Florida, this 7th day of July, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).


cc:     Hon. Mary S. Scriven
        Counsel of Record